FILED IN MY OFFICE
DISTRICT COURT CLERK
9/14/2012 2:48:39 PM
GREGORY T. IRELAND

Tony Lucero

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

HENRY SAAVEDRA,

        Plaintiff,

v.                                   No. CV- D-202-CV-2012-08484

CITY OF ALBUQUERQUE,
VICTOR GROSSETETE,
and JOHN/JANE DOES 1- 6,

        Defendants.

## COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS AND TORT CLAIMS

COMES NOW Plaintiff Henry Saavedra, by and through his attorneys of record, Carter & Valle Law Firm, P.C., (Richard J. Valle and Criostoir O'Cleireachain) and the Rudolfo Law Office (Emeterio Rudolfo), and for his cause of action against the Defendants, states as follows:

### Parties

1. Plaintiff Henry Saavedra is an individual and a resident of Bernalillo County, State of New Mexico.

2. Defendant City of Albuquerque is a municipality and governmental entity within the State of New Mexico ("City"). At all times relevant hereto, the City was responsible for the operations of the Albuquerque Police Department and was responsible for the training and supervision of its police officers.

3. On information and belief, Defendant Victor A. Grossetete, (hereinafter "Officer Defendant") was at all pertinent times employed as an officer with the Albuquerque Police Department, and at all times relevant hereto, was acting under the color of law.



4. On information and belief, Defendants John/Jane Doe 1-6 are unknown agents, servants, independent contractors or employees of the Albuquerque Police Department that in whole or in part contributed to the events set forth herein.

5. This Court has jurisdiction over the parties and subject matter herein, and venue is proper in Bernalillo County, New Mexico.

### Facts Common To All Counts

6. Plaintiff hereby incorporates all prior allegations as if they were stated herein in full.

7. On or about January 28, 2012, the Plaintiff was confronted by several unknown males in a sport utility vehicle (SUV).

8. On or about January 28, 2012, the unknown males became belligerent and threw beer cans at Plaintiff.

9. Plaintiff attempted to remove himself from the confrontation by leaving on his motorcycle.

10. Unfortunately, the unknown males chased Plaintiff in their SUV.

11. Plaintiff, fearing for his safety, continued to flee from the unknown males in the SUV.

12. Witnesses to the confrontation and subsequent chase contacted 911 to report the incident.

13. On or about January 28, 2012, the Officer Defendant was advised over police radio of a reckless driver, driving a motorcycle at a high rate of speed near 4th and Bridge SW, Albuquerque, New Mexico.

14. Officer Defendant spotted a motorcycle driven by the Plaintiff and followed.

15. "Air 1," a police helicopter unit, obtained visual of the Plaintiff and motorcycle as Plaintiff traveled westbound on Interstate 40, and by radio advised Officer Defendant of Plaintiff's location.

16. Officer Defendant regained visual of the Plaintiff.

17. Officer Defendant was then ordered to cease following Plaintiff.

18. Plaintiff did not know who was following him.

19. Officer Defendant disobeyed his supervisor and continued to follow Plaintiff at a high rate of speed.

20. Officer Defendant did not have his emergency lights and sirens on at the time he was following Plaintiff.

21. Upon seeing an unknown vehicle rapidly approach, Plaintiff increased his rate of speed.

22. Officer Defendant was instructed not to approach the motorcycle.

23. Upon reaching the onramp median located at Interstate 40 and 98th Street, Plaintiff slowed and pulled in behind another law enforcement vehicle.

24. Plaintiff stopped his motorcycle on the onramp median located at Interstate 40 and 98th Street behind another law enforcement vehicle.

25. Officer Defendant observed that Plaintiff was stopped.

26. Officer Defendant proceeded forward to apprehend Plaintiff.

27. Officer Defendant used force to apprehend Plaintiff and Officer Defendant hit Plaintiff with the police car Officer Defendant was driving.

28. Officer Defendant crashed into the back of Plaintiff with his police vehicle.

29. Due to the force of impact, Plaintiff was thrown from the motorcycle and hit the ground.

30. Officer Defendant exited his vehicle and physically restrained Plaintiff on the ground.

31. Officer Defendant placed Plaintiff under arrest and physically injured Plaintiff in making his arrest.

32. At no point did Plaintiff disobey or refuse an order from an identified police officer.

33. After injuring Plaintiff, Officer Defendant did not take Plaintiff to seek treatment from a healthcare provider.

34. Officer Defendant transported Plaintiff to the detention center.

35. Officer Defendant used excessive force against Plaintiff when he struck him with a motor vehicle, restrained him and injured him

36. Officer Defendant's actions were willful, wanton, and in gross and reckless disregard for Plaintiff's rights.

37. The actions of Defendants caused damages to Plaintiff.

### COUNT I: EXCESSIVE USE OF FORCE IN VIOLATION OF AMENDMENT IV OF THE U.S. CONSTITUTION and TITLE 42 USC SECTION 1983

38. Plaintiff hereby incorporates all prior allegations as if they were stated herein in full.

39. Plaintiff has and had a Fourth Amendment right to be free of excessive use of force.

40. Defendants, through the Officer Defendant deprived Plaintiff of his right to be free of unreasonable and excessive force by striking him with a motor vehicle.

41.  The force used by the Officer Defendant was objectively unreasonable under the circumstances.

42.  The actions of the Officer Defendant were willful, wanton, and in gross and reckless disregard for Plaintiff's rights.

43.  The actions of Officer Defendant caused damages to Plaintiff.

44.  Plaintiffs bring his Section 1983 claim against the Officer Defendant in his individual capacity.

45.  At all times material hereto, Officer Defendant was acting under the color of the law.

46.  The Officer Defendant used excessive force against Plaintiff when he struck him with a motor vehicle, restrained him and injured him.

47.  Defendant City of Albuquerque is separately liable for failing to train, manage and supervise its officers.

### COUNT II: TORT CLAIMS

48.  Plaintiff restates each of the allegations above as if stated fully herein.

49.  Under the facts as previously alleged, Defendants' excessive and unnecessary use of force against the Plaintiffs constituted battery under state law.

50.  Defendant City of Albuquerque is liable under the theory of *respondeat superior* for the battery committed by the Officer Defendant.

51.  The actions of all Defendants caused damages to Plaintiffs.

WHEREFORE, Plaintiff prays that he be awarded Compensatory damages in an as yet undetermined amount jointly and severally against all Defendants; interest and punitive damages in an as yet undetermined amount against Defendants as allowed by law; reasonable costs and

attorney's fees incurred in bringing this action; and such other and further relief the Court deems just and proper.

                                                Respectfully submitted,

                                                CARTER & VALLE LAW FIRM, P.C.

                                                By: /s/ Criostoir O'Cleireachain
                                                        Richard J. Valle
                                                        Criostoir O'Cleireachain
                                                        8012 Pennsylvania Circle NE
                                                        Albuquerque, NM  87110
                                                        (505) 888-4357

And

                                                RUDOLFO LAW OFFICE
                                                /s/ Emeterio Rudolfo
                                                Emeterio Rudolfo
                                                2713 E 20th Street #D
                                                Farmington, NM  87402
                                                (505) 325-8242

                                                *Attorneys for Plaintiff*